IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH MOORE, #518630, )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:04-CV-2547-B |
| ) | |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Estelle Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of the TDCJ-ID.

Statement of Case: Petitioner was convicted of murder with a deadly weapon in the 194th Judicial District Court of Dallas County, Texas, in Cause No. F88-86302. Punishment was assessed at life imprisonment on July 27, 1989. (Petition (Pet.) at 2 and Respondent's Answer at 1-2 and Exh. A).

In this action, Petitioner challenges a prison disciplinary case that he received on July 13, 2004, at the Estelle Unit for soliciting money or gifts from an offender, a staff member or any other person for any purpose or beneficiary. He received the following punishment as a result of the disciplinary action taken: he lost thirty days of recreation and commissary privileges and 45 days of good time credits; he also endured a reduction in line class from S4 to L2. (Pet. at 5 and Respondent's Answer at 2). Prior to filing this action, Petitioner exhausted his administrative remedies. (Pet. at 5-6 and Exh. A, and Respondent's Answer at 2-4).

Petitioner asserts the disciplinary charge was initiated in retaliation for Petitioner previously making a complaint against the charging officer. (Pet. at 7 and handwritten attachment).

In response to this court's show cause order, Respondent filed an answer seeking the dismissal of the petition because Petitioner has failed to state a claim for which federal habeas relief can be granted. Petitioner has not filed an objection to Respondent's answer.

Findings and Conclusions: The primary focus of this action is Petitioner's retaliation claim, namely that the disciplinary charge was initiated in retaliation for Petitioner's previously making a complaint against the charging officer. A retaliation claim is not cognizable in a habeas corpus action. See Woods v. Smith, 60 F.3d 1161, 1164-65 (5th Cir. 1995) (analyzing retaliation claim as properly brought in the context of a civil rights action under 42 U.S.C. § 1983, and holding that an inmate is not required to demonstrate favorable termination of the disciplinary case before pursuing the retaliation claim under § 1983); see also Porter v. Eisenberg, 2003 WL 21209575, No. 5:02-CV-263-C (N.D. Tex., Lubbock Div., May 21, 2003).[1]

---

[1] Insofar as Petitioner complains that the disciplinary charge was false, he may have to show favorable termination before such a claim may be raised under § 1983. See Woods, 60 F.3d at 1165 n. 16 (citing Ordaz v. Martin, 5 F.3d 529 (5th Cir. 1993) (unpublished)); Freer v. Acosta, 2004 WL 524953, No. 5:04-CV-026-C (N.D.Tex., Lubbock Div., March 17, 2004).

To the extent Petitioner seeks federal habeas relief independent from his retaliation claim, his claim fares no better. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States ." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). The instant petition does not present a cognizable basis for habeas corpus relief.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impinge upon a liberty interest. In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484, 115 S.Ct. at 2300. In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); see also Orellana, 65 F.3d at 31-33; Murphy v. Collins, 26 F.3d 541, 543 & n. 5 (5th Cir. 1994).

Petitioner concedes that he is not eligible for mandatory supervision release. (Pet. at 5 ¶ 15). The mandatory supervision statute in effect at the time of his conviction excepts from mandatory supervision any inmate who was convicted of murder with a deadly weapon. Tex. Pen. Code Ann. § 19.02 (Vernon 1988); Tex. Code Crim. Proc. art. 42.18 § 8(c)(1) (West 1988). In addition, an individual sentenced to life imprisonment is not entitled to release to mandatory supervision. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) (citing Ex parte Franks, 71 S.W.3d 327, (Tex. Crim. App. 2001) ("Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the

3

calendar time served plus any accrued good conduct time will never add up to life.").

Because Petitioner is not entitled to early release or mandatory supervision, the loss of good-time credits as a result of the disciplinary action at issue does not affect the fact or duration of his sentence and, therefore, does not deprive him of a liberty interest. Acosta v. Dretke, 2003 WL 22671058, No. 7:02-CV-225-R. (N.D. Tex., Wichita Falls Div., Sept. 22, 2003)

None of the other sanctions, which Petitioner received for the disciplinary action in this case, affects the fact or duration of his sentence, thus depriving him of a liberty interest. Commissary and recreation restrictions do not implicate a protected liberty interest because they do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life. Malchi, 211 F.3d 953, 958; Madison, 104 F.3d 765, 768. Similarly the change in Petitioner's custodial status, which affects his earning of good-time credits, does not deprive him of a protected liberty interest. As noted above, Petitioner is not entitled to mandatory supervision. Therefore, any change in his good-time earning status does not affect a protected liberty interest. Even if mandatory supervised release eligible, the Fifth Circuit has held that the effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision was too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status. Malchi, 211 F.3d at 959; Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

Because none of the sanctions, which Petitioner received for the disciplinary conviction in this case, deprived him of a protected liberty interest, the habeas petition does not implicate due process concerns. Accordingly, it should be denied and dismissed for failing to present a

cognizable basis for habeas relief.[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied and dismissed

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 13th day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] Insofar as Petitioner contends that the loss of his good-time credits affected his release on parole, he is likewise not entitled to habeas relief. The Fifth Circuit has held that there is no constitutional expectancy in parole in Texas because it is entirely speculative whether a prisoner will be released on parole. Madison, 104 F.3d at 768; see also Malchi, 211 F.3d at 957.